

FILED
IN OPEN COURT

JUL 26 2011

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL NO. 1:11CR116 |
| | ) | |
| THOMAS J. ERNST, | ) | The Honorable Claude M. Hilton |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

Neil H. MacBride, United States Attorney for the Eastern District of Virginia, Charles Connolly, Assistant United States Attorney, Caryn Finley and Thomas Krepp, Special Assistant United States Attorneys, the defendant, THOMAS J. ERNST, and the defendant's counsel have entered into an agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms of the agreement are as follows:

### 1. Offense and Maximum Penalties

The defendant agrees to plead guilty to Counts One and Three of the indictment charging the defendant with Obstructing the Due Administration of the Internal Revenue Laws and Tax Evasion, in violation of Title 26, United States Code, Sections 7212(a) and 7201, respectively. The maximum penalties are: for 26 U.S.C. § 7212(a) a maximum term of three years imprisonment, a fine of up to $250,000, full restitution, a special assessment and one year of supervised release and for 26 U.S.C. § 7201, a maximum term of five years of imprisonment, a fine of up to $250,000, full restitution, a special assessment, and three years of supervised release. The defendant understands that this supervised release term is in addition to any prison

term the defendant may receive, and that a violation of a term of supervised release could result in the defendant being returned to prison for the full term of supervised release.

2.  **Factual Basis for the Plea**

The defendant will plead guilty because the defendant is in fact guilty of the charged offense. The defendant admits the facts set forth in the statement of facts filed with this plea agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt. The statement of facts, which is hereby incorporated into this plea agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(a) of the Sentencing Guidelines.

3.  **Assistance and Advice of Counsel**

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

a. the right to plead not guilty and to persist in that plea;

b. the right to a jury trial;

c. the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceedings; and

d. the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

4.  **Role of the Court and the Probation Office**

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above but that the Court will determine the defendant's actual sentence in accordance with Title 18, United States Code, Section 3553(a). The defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), the Court, after considering the factors set forth in Title 18, United States Code, Section 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.

Further, in accordance with Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and the defendant will recommend to the Court that the following provisions of the Sentencing Guidelines apply:

a.  The base offense level is twenty-four (24) because the tax loss is more than $2.5 million but less than $7 million pursuant to U.S.S.G. § 2T1.1(a)(1) and § 2T4.1(J);

3

b.  The base offense level is increased by two (2) levels because the offense involved sophisticated means pursuant to U.S.S.G § 2T1.1(b)(2);

c.  The United States would have no objection to the defendant receiving a two-level reduction pursuant to U.S.S.G. § 3E1.1(a) if it is determined by U.S. Probation and the Court that the defendant qualifies for such a reduction; and

d.  The United States and the defendant have no other agreements concerning any other specific offense characteristics or adjustments that may apply other than as stated herein.

5.  **Waiver of Appeal, FOIA and Privacy Act Rights**

The defendant also understands that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatsoever, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b). The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act, Title 5, United States Code, Section 552a.

6. **Special Assessment**

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of one hundred dollars ($100.00) per count of conviction.

7. **Payment of Monetary Penalties**

The defendant understands and agrees that, pursuant to Title 18, United States Code, Section 3613, whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613. Furthermore, within 14 days of a request, the defendant agrees to provide all of his financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination and/or complete a financial statement under penalty of perjury. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to voluntarily participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

8. **Restitution**

a. The defendant agrees to pay restitution to the Internal Revenue Service pursuant to 18 U.S.C. § 3663(a)(3). The defendant agrees that the total amount of restitution reflected in this agreement results from the defendant's fraudulent conduct.

b. The defendant agrees that the Court will ultimately determine the full amount of

restitution after the preparation of a presentence report by the Probation Office, pursuant to 18 U.S.C. § 3664 . The defendant understands that the United States makes no guarantees as to the amount of restitution that the Court will ultimately impose and that the United States and the defendant are free to make arguments concerning the appropriate amount of restitution.

c. The parties acknowledge that determination of the loss amounts for the victim in this matter is a complicated and time consuming process. To that end, the defendant agrees, pursuant to 18 U.S.C. § 3664(d)(5), that the court may defer the imposition of restitution until after the sentencing; however, the defendant specifically waives the 90 day provision found at 18 U.S.C. § 3664(d)(5) and consents to the entry of any orders pertaining to restitution after sentencing without limitation.

d. The defendant agrees to pay restitution by making payments in accordance with a schedule set by the Court.

e. The defendant agrees that he will sign any IRS forms deemed necessary by the IRS to enable the IRS to make an immediate assessment of that portion of the tax and interest that the Court orders him to pay as restitution. The defendant also agrees to sign IRS Form 8821, "Tax Information Authorization."

f. The defendant agrees not to file any claim for refund of taxes or interest represented by any amount of restitution paid pursuant to this agreement.

g. The defendant agrees that he is liable for the fraud penalty under 26 U.S.C. §§ 6663 or 6651(f) on the amount to be credited to tax set forth in paragraph. The defendant agrees to the immediate assessment of the fraud penalty on the amount to be credited to tax set forth in

paragraph and agrees that, in order to enable the IRS to make an immediate assessment of the fraud penalty, the IRS form he agreed to sign in paragraph (e) will include the appropriate amount of the fraud penalty. The defendant agrees not to challenge or dispute any fraud penalties on the amount to be credited to tax set forth in paragraph (e).

h. The parties understand that the defendant will receive proper credit for the payments made pursuant to this agreement. Except as set forth in the previous sentence, nothing in this agreement shall limit the IRS in its lawful examination, determination, assessment, or collection of any taxes, penalties or interest due from the defendant for the time periods covered by this agreement or any other time period.

i. The defendant understands that, pursuant to 26 U.S.C. § 6201(a)(4), the IRS may use the restitution order in this case as the basis for a civil tax assessment. The defendant does not have the right to challenge the amount of this assessment. *See* 26 U.S.C. § 6201 (a)(4)(C). Neither the existence of a payment schedule in this case nor the defendant's timely payments according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

j. The defendant agrees that this agreement, or any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise the defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties, owed to the IRS for the time periods covered by this agreement or any other time period.

k. The defendant understands that he is not entitled to credit with the IRS for any

7

payment sent to an incorrect address or accompanied by incomplete or inaccurate information, unless and until any payment is actually received by the Internal Revenue Service and identified by it as pertaining to his particular liability.

l. The defendant agrees that, unless the Director of the Administrative Office of the United States Courts directs him otherwise, all payments made pursuant to the court's restitution order are to be sent only to the Clerk of the Court at the following address:

Clerk, U.S. District Court
401 Courthouse Square
Alexandria, VA 22314

m. With each payment to the Clerk of the Court made pursuant to the District Court's restitution order, the defendant will provide the following information:

a. The defendant's name and Social Security number;

b. The District Court docket number assigned to this case;

c. Tax year(s) or period(s) for which restitution has been ordered; and

d. A statement that the payment is being submitted pursuant to the District Court's restitution order.

The defendant agrees to include a request that the Clerk of the Court send the information, along with the defendant's payments, to the appropriate office of the Internal Revenue Service.

n. The defendant also agrees to send a notice of any payments made pursuant to this agreement, including the information listed in the previous paragraph, to the IRS at the following address:

IRS - RACS
Attn: Mail Stop 6261, Restitution
333 W. Pershing Ave.
Kansas City, MO 64108

### 9. Immunity from Further Prosecution in this District

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the indictment or statement of facts.

### 10. Dismissal of Other Counts

As a condition of the execution of this agreement and the Court's acceptance of the defendant's plea of guilty, the United States will move to dismiss the remaining counts of the indictment against this defendant.

### 11. Payment of Taxes and Filing of Tax Returns

The defendant consents to any motion by the United States under Rule 6(e)(3)(E) of the Federal Rules of Criminal Procedure, to disclose grand jury material to the Internal Revenue Service for use in computing and collecting the defendant's taxes, interest and penalties, and to the civil and forfeiture sections of the United States Attorney's Office for use in identifying assets and collecting fines and restitution. The defendant also agrees to make all books, records and documents available to the Internal Revenue Service for use in computing the defendant's and Medicure Plus, Inc.'s taxes, interest and penalties for the years 2001 through 2010. The defendant further agrees to cooperate with the Internal Revenue Service in paying the defendant's taxes, interest and penalties for the years 2001 through 2010 for his individual income and corporate (Medicure) income taxes.

## 12. Breach of the Plea Agreement and Remedies

This agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

   a. The United States will be released from its obligations under this agreement, including any obligation to seek a downward departure or a reduction in sentence. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

   b. The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense; and

   c. Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements,

and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the statement of facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of the plea agreement by a preponderance of the evidence.

## 13. Nature of the Agreement and Modifications

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. The defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this plea agreement, to cause the defendant to plead guilty. Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

Neil H. MacBride
United States Attorney

By: _____
Charles Connolly
Assistant United States Attorney

By: _____
Caryn Finley
Special Assistant United States Attorney

By: _____
Thomas Krepp
Special Assistant United States Attorney

Defendant's Signature: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal indictment. Further, I fully understand all rights with respect to Title 18, United States Code, Section 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it.

Date: July 26, 2011    *Thomas T. Ernst*
Thomas Ernst
Defendant

Defense Counsel Signature: I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending indictment. Further, I have reviewed Title 18, United States Code, Section 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: July 26, 2011    *[signature]*
Peter Goldman
Counsel for the Defendant