

IN THE UNITED STATE DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 1:11CR116 |
| ) | |
| THOMAS J. ERNST, ) | The Honorable Claude M. Hilton |
| ) | |
| Defendant. ) | |

## STATEMENT OF FACTS

The United States and the defendant, THOMAS J. ERNST, agree that had this matter proceeded to trial, the United States would have proven the following facts beyond a reasonable doubt:

1. Between 2000 and 2007, the defendant was a resident of McLean, Virginia and Arlington, Virginia, in the Eastern District of Virginia.

2. On or about April 18, 1997, the defendant incorporated Medicure Plus, Inc. ("Medicure") in the state of Ohio. Medicure was a health insurance benefits administration company with its principal place of business in Alexandria, Virginia. From in or about 2000 through in or about 2006, Medicure operated as a third-party administrator of the Postmasters' Benefits Plan ("PBP"), the health benefits carrier for the National League of Postmasters ("NLP"). Each month during this time period, Medicure was paid $166,000 plus a $33,000 administrative fee for services provided to NLP.

3. The defendant served as the President and Chief Executive Officer of Medicure and oversaw all financial and executive decisions as well as the day-to-day operations of Medicure. The defendant had the ultimate responsibility to ensure that Medicure filed corporate tax returns, Forms 1120 with the Internal Revenue Service ("I.R.S."). Additionally, the defendant maintained signature authority on Medicure's bank accounts and had control over Medicure's finances.

4. With respect to Count One, beginning in or about 2001, and continuing thereafter up to an including at least April 16, 2007, the defendant did corruptly endeavor to obstruct and impede the due administration of the internal revenue laws by committing acts and causing omissions, including but not limited to:

> A. Causing Medicure to make payments from Medicure's corporate bank account for the personal benefit of the defendant, including but not limited to:
>
>> i. Between on or about May 21, 2001 and on or about February 18, 2006, approximately $229,000 in rental payments for a summer house in New Jersey;
>>
>> ii. Between on or about June 7, 2001 and on or about May 24, 2006, payment of approximately $688,550 to his wife;
>>
>> iii. Between on or about June 11, 2001 and on or about January 9, 2006, approximately $141,282 in mortgage payments for a home in Fort Wayne, Indiana;

iv. Between on or about June 20, 2001 and on or about January 9, 2006, approximately $628,000 to his sister-in-law, D.V.;

v. Between on or about July 15, 2001 and on or about August 6, 2006, payment of approximately $141,511 to his son, B.E.;

vi. Between on or about July 19, 2001 and on or about December 25, 2005, payment of approximately $306,648 to his son, J.E.;

vii. Between on or about October 6, 2001 and on or about February 10, 2005, approximately $188,524.50 toward his son's college tuition at Georgetown University;

viii. Between on or about March 4, 2002 and on or about February 1, 2006, payment of approximately $141,608 to himself;

ix. On or about March 11, 2002 approximately $21,125 in rental payments for Apartment #429 at The Belvedere in Arlington, Virginia;

x. Between on or about March 19, 2002 and on or about November 8, 2005, approximately $19,330 in payments for his sister M.E.'s assisted living facilities in Northern Virginia;

xi. Between on or about June 4, 2002 and on or about August 26, 2006, approximately $168,700 in rental payments for Apartment #1714 at The Belvedere in Arlington, Virginia;

xii. Between on or about June 30, 2003 and on or about December 27,

2004, approximately $50,716 in rental payments for Apartment #1712 at The Belvedere in Arlington, Virginia;

xiii. Between on or about July 22, 2003 and February 2, 2005, approximately $190,580 in payments for the purchase of a condominium at the Jefferson House Assisted Living facility in Northern Virginia, for his sister M.E.;

xiv. Between on or about September 14, 2003 and on or about July 10, 2006, approximately $213,959 in mortgage payments and condominium fees for a condominium in Spring Lake, New Jersey;

xv. Between on or about October 1, 2004 and on or about December 10, 2005, approximately $34,500 in rental payments for his son, B.E.'s apartment at The Belvedere in Arlington, Virginia;

xvi. On or about October 5, 2004 and on or about March 2, 2005, approximately $45,419 for the purchase of a piano;

xvii. Between on or about October 25, 2004 and on or about June 15, 2006, approximately $209,775 in lease payments for his residence in McLean, Virginia;

In all, these payments totaled more than $3.3 million;

B. making payments from the Medicure account to two nominee entities for the purpose of paying his and his family's personal expenses, purchasing and leasing assets in the names of his family members, including his sons J.E.

and B.E., and creating fictitious legal documents in the names of family members, including his sons J.E. and B.E.;

C. failing to file U.S. Income Tax Returns, Forms 1040, with the I.R.S. for tax years 2001 through 2006 despite the fact that he was required to do so by law; and

D. causing Medicure to: (1) fail to withhold, account for and pay over taxes to the I.R.S. from its employees' checks, (2) fail to issue Forms 1099 or W-2 to its employees, (3) fail to file Forms 941 with the I.R.S., for tax years 2001 through 2006, and (4) fail to file corporate income tax returns, Forms 1120, despite Medicure earning more than $11 million in gross income between 2001 and 2006, despite the fact that it was required to do so by law.

5. With respect to Count Two, during the calendar year 2005, the defendant had and received taxable income of at least $915,678. Upon said taxable income there was a substantial amount of income tax due and owing to the United States. Well-knowing and believing the forgoing facts, the defendant, in the Eastern District of Virginia and elsewhere, did willfully attempt to evade and defeat the assessment and payment of said income tax due by him to the United States of America for the year 2005 by failing to make an income tax return on or before April 17, 2006, as required by law, to any proper officer of the I.R.S.; by failing to pay the I.R.S. said income taxes; and by committing the affirmative acts of evasion, including but not limited to those detailed in paragraph 4 above.

6. The defendant engaged in the conduct described above willfully and not because of

accident, mistake, or other innocent reason.

7. The statement of facts includes those facts necessary to support a plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States and it is not intended to be a full enumeration of all the facts surrounding the defendant's case.

Respectfully submitted,

Neil H. MacBride
United States Attorney
Eastern District of Virginia

By: _____
Charles Connolly
Assistant United States Attorney
Eastern District of Virginia

By: _____
Caryn Finley
Special Assistant United States Attorney
Eastern District of Virginia

By: _____
Thomas Krepp
Special Assistant United States Attorney
Eastern District of Virginia

## Defendant's Stipulation and Signature

After consulting with my attorney and pursuant to the plea agreement I entered into this day with the United States, I hereby stipulate that the above statement is true and accurate. I further stipulate that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

Date: July 26, 2011

_____
Thomas J. Ernst
Defendant

## Defense Counsel's Signature

I am Thomas J. Ernst's attorney. I have carefully reviewed the above statement of facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

Date: July 26, 2011

_____
Peter Goldman
Counsel for the defendant