UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 1:11CR116 |
| v. | ) | |
| | ) | The Honorable Claude M. Hilton |
| THOMAS J. ERNST, | ) | |
| | ) | |
| Defendant | ) | |

**OPPOSITION OF THE UNITED STATES
TO DEFENDANT'S MOTION TO STAY INCARCERATION**

COMES NOW the UNITED STATES OF AMERICA, by and through counsel, and hereby files its Response to Defendant's Motion for Stay Incarceration ("Defendant's Motion").

STATEMENT OF FACTS

On July 26, 2011, Defendant Thomas J. Ernst pleaded guilty to Count 1 (26 USC § 7212(a)) and Count 3 (26 USC § 7201) of the Indictment. On December 16, 2011, the District Court sentenced Defendant to 48 months in prison. The Court ordered Defendant to surrender to the designated federal correctional institution at the time designated by the Bureau of Prisons. On December 29, 2011, Defendant filed a Notice of Appeal and the instant Motion for Stay of Incarceration.

ARGUMENT

Title 18, United States Code, Section 3143(b) provides that a person who has been found guilty of an offense and sentenced to a term of imprisonment, who subsequently files an appeal, shall be detained, unless there is clear and convincing evidence that the defendant is not likely to

1

flee or pose a danger to the safety of any other person[1], and the appeal is not for purposes of delay and raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include imprisonment, or a reduced sentence to a term of imprisonment less than the total time already served plus the expected duration of the appeal process.  18 U.S.C. 3143(b);  United States v. Steinhorn, 927 F.2d 195, 196 (4th Cir. 1991); United States v. Baum, 777 F. Supp. 6 (E.D. Va. 1991); see also United States v. Chilingirian, 280 F.3d 704, 709 & n.2 (6th Cir. 2001); United States v. Vance, 851 F.2d 166, 169 (6th Cir. 1988).  A substantial question is one that is close or that very well could be decided the other way.  Id.  The presumption is in favor of detention.  Vance, 851 F.2d at 170.  A conviction shifts the burden to the defendant to show by clear and convincing evidence that release is warranted. United States v. Montoya, 908 F.2d 450, 451 (9th Cir. 1990).

In United States v. Handy, the court construed the phrase "substantial question likely to result in reversal or an order for a new trial" to require the defendant to demonstrate that the questions raised on appeal are "fairly debatable."  761 F.2d 1279, 1281 (9th Cir. 1986).  The court defined what type of issues would be considered "fairly debatable" as follows:

> Included within this definition have been questions that are novel and not readily answerable.  The questions may be "substantial" even though the judge or justice hearing the application for bail would affirm on the merits of the appeal.  The question may be new and novel.  It may present unique facts not plainly covered by the controlling precedents.  It may involve important questions concerning the scope and meaning of decisions of the Supreme Court.

---

[1] While the government does not explicitly argue that Defendant is a danger to the community, it would reference arguments made in its Sentencing Memorandum concerning Defendant's history of fraud against family members and business associates, as well as the government's allegation that Defendant provided US Probation with false documents for preparation of the Presentence Report.

Id.[2]

Here, Defendant does not make any claims that raise substantial questions of law. Rather, as he has at each stage of this case, Defendant filed the Notice of Appeal for purposes of delay. Indeed, Defendant's Notice of Appeal is ambiguous as to his basis for appeal. The only clue he offers is the comment that he "gives notice of appeal of all aspects of including the plea and sentencing." It is likely that Defendant's claims on appeal will mirror the arguments made in his Request for New Attorney. In that Motion, Defendant argues that his attorney, Peter Goldman, was ineffective in his preparation for trial and sentencing. Notably, Defendant does not claim he is innocent and does not challenge his plea agreement, but instead alleges that his attorney's lack of preparation might have affected Defendant's ultimate sentence. Defendant had ample opportunity to raise these alleged concerns before the Court at his plea hearing and/or his sentencing hearing. He did not do so, even when given the opportunity to address the court directly.

Defendant has failed to establish by clear and convincing evidence that his appeal presents any substantial question of law or fact which, if decided favorably to him, would likely result in "a reduced sentence to a term of imprisonment less than the total time already served plus the expected duration of the appeal process." 18 U.S.C. 3143(b)(B)(iv). Accordingly, Defendant cannot sustain the burden imposed on him by 18 U.S.C. 3143(b).

---

[2] In the Bail Reform Act of 1984, Congress shifted the presumption from bail on appeal to incarceration during appeal. As the Handy court noted, the legislative history of the Bail Reform Act "states the purpose of the statute is to require an affirmative finding that the chance for reversal is substantial." Id. at 1280.

7886763.1

CONCLUSION

For the foregoing reasons, Defendant's Motion should be DENIED.

        Respectfully submitted,

        Neil H. MacBride
        United States Attorney


        _____/s/_____
        Charles Connolly
        Assistant United States Attorney
        Attorney for the United States
        United States Attorney's Office
        2100 Jamieson Avenue
        Alexandria, Virginia 22314
        Phone: 703-299-3700
        Email: charles.connolly@usdoj.gov

        _____/s/_____
        Caryn Finley
        Thomas J. Krepp
        Special Assistant United States Attorneys
        Attorney for the United States
        United States Attorney's Office
        2100 Jamieson Avenue
        Alexandria, Virginia 22314
        Email: caryn.finley@usdoj.gov
        Email: thomas.j.krepp@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2012 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of that electronic filing (NEF) to the following:

**Peter Linn Goldman**
526 King Street
Suite 213
Alexandria, VA 22314
(703) 684-6476
Fax: 703-548-8935
Email: pgoldmanatty@aol.com

A courtesy copy will be delivered via US mail to:

**Thomas Ernst**
784 Morris Turnpike
Suite 134
Short Hills, NJ 07078

A courtesy copy will be delivered via e-mail to:

**Joanne Lauder**
U.S. Probation Officer
401 Courthouse Square
Alexandria, VA 22314
Tel: (703) 299-2300

By:      /s/
    Caryn Finley
    Special Assistant United States Attorney
    Attorney for the United States
    United States Attorney's Office
    2100 Jamieson Avenue
    Alexandria, Virginia 22314
    Phone: 202-353-7517
    Email: caryn.finley@usdoj.gov